UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK WRIGHT,

     Petitioner,                            Civil No. 01-74112
                                        HONORABLE PATRICK J. DUGGAN

v.

JIMMY STEGALL,

     Respondent,

_____/

## ORDER GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on October 28, 2005._

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Frederick Wright filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254, which this Court subsequently denied.  Petitioner seeks to

appeal the Court's decision.  Petitioner therefore requests a certificate of appealability

("COA") from this Court.  28 U.S.C. § 2253.

As the Supreme Court has stated, a petitioner seeking relief under Section 2254

has no automatic right to appeal a district court's denial or dismissal of the petition; the

petitioner first must seek and obtain a COA from the district court.  *Miller-El v. Cockrell*,

537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003).  Section 2253 provides that a COA may

issue only if a petitioner makes a substantial showing of the denial of a constitutional

right.  28 U.S.C. § 2253(c)(2).

As the Supreme Court has elaborated on the requirements of Section 2253:

> "[T]he petitioner need not show that he should prevail on the
> merits.  He has already failed in that endeavor.  Rather, he
> must demonstrate that the issues are debatable among jurists
> of reason; that a court <u>could</u> resolve the issues [in a different
> manner] or that the questions are 'adequate to deserve
> encouragement to proceed further.'"

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4 (1983)(quoting

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)).  The Supreme Court recently

stated that when a district court denies a habeas petition on the merits of the claims, a

certificate may issue if the petitioner demonstrates "that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong."  *Slack v.*

*McDaniel*, 520 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  When the district court

denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claim, however,

> a COA should issue when the prisoner shows, at least, that
> jurists of reason would find it debatable whether the petition
> states a valid claim of the denial of a constitutional right and
> that jurists of reason would find it debatable whether the
> district court was correct in its procedural ruling.

*Id*.

Petitioner raised the following ten grounds in support of his petition for habeas

corpus relief:

2

I.      Petitioner was denied Due Process as guaranteed by the Michigan and Federal Constitutions when the trial court allowed the prosecutor to impeach him with traffic tickets that never resulted in conviction.

II.     Petitioner was denied Due Process as guaranteed by the Michigan and Federal Constitutions when he was convicted based on insufficient evidence.

III.    Petitioner was denied Due Process as guaranteed by the Michigan and Federal Constitutions when impermissible pretrial and in-court identifications were not suppressed.

IV.     Petitioner was denied Due Process as guaranteed by the Michigan and Federal Constitutions due to the trial court's incomplete and improper jury instruction on identification.

V.      Petitioner was denied Due Process as guaranteed by the Michigan and Federal Constitutions when the prosecutor bolstered and vouched for the credibility of the prosecutions' main witness.

VI.     Petitioner was denied Due Process as guaranteed by the Michigan and Federal Constitutions when the trial court failed to articulate or specify on the record whether the sentence imposed applied to one or both of his convictions.

VII.    Petitioner was denied his rights to a fair trial and in impartial jury due to the trial court's coercive instructions that foreclosed the possibility of a "no verdict" outcome.

VIII.   Petitioner was denied his Sixth Amendment right to effective assistance of trial counsel.

IX.     Petitioner was denied his Fourteenth Amendment right to effective assistance of appellate counsel.

3

       X.      Petitioner is entitled to relief where newly discovered evidence proves his innocence.

While this Court continues to believe that Petitioner is not entitled to a writ of habeas corpus for the reasons set forth in its opinion and order of September 30, 2005, applying the varying requirements of Section 2253 leads the Court to conclude that a COA should issue with respect to Petitioner's claim that he is entitled to relief based on newly discovered evidence (Claim X).  The Court believes the issue raised in this claim is debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. However as to Petitioner's remaining claims, the Court concludes that reasonable jurists would not find its assessment of those claims debatable or wrong.

Accordingly, the Court holds that Petitioner is entitled to a COA with respect to whether he is entitled to relief based on newly discovered evidence.   Thus the Court GRANTS IN PART and DENIES IN PART his request for a certificate of appealability.

**SO ORDERED.**

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Frederick Lee Wright
#131437
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

William C. Campbell

4